May Term,
1858.

., MILTON, &c.,
TURNPIKE
COMPANY.
v.
HALL.

--------------

MILTON AND WATERLOO TURNPIKE COMPANY *v.* HALL
and Another.

Complaint upon a draft drawn by a contractor upon a turnpike company. The draft, which was a part of the complaint, showed that the sum for which it was drawn was not to be paid until after the last estimate on a certain section of the work, &c. The complaint admitted that the work on that section was abandoned, but sets up, as an excuse for such abandonment, that the amount estimated for work done before the abandonment had not been paid. But it was not alleged that by the terms of the contract, or otherwise, that amount was due before the abandonment. *Held*, that the complaint was bad.

APPEAL from the *Union* Circuit Court.

HANNA, J.— *Wade*, a contractor in the construction of a portion of the road of the said company, drew three orders upon the said company, in favor of three several persons, which orders were accepted by *William Port*, the president of said corporation, one of which was as follows:

" *Brownsville, May* 14, 1849. The president of the *Milton and Waterloo Turnpike* board will please pay *Edward Hall* 76 dollars and 94 cents, out of the last estimate on section six (6) on the above pike, or so soon after said section shall be finished as collections can be made from stockholders."

The first paragraph of the complaint is founded upon this order, and each of the other paragraphs upon an order. The plaintiffs held all the orders as assignees.

There was a demurrer to the first paragraph of the complaint, and the cause assigned was, that it does not state facts sufficient to constitute a cause of action.

That portion of the complaint which attempts to show that the sum mentioned in said order was due and payable,

May Term,
1858.

MILTON, &c.,
TURNPIKE
COMPANY.
v.
HALL.

is as follows: "And the plaintiffs further aver that said defendants failed to make said collections from said stockholders, although the same was due and payable, and refused to pay said *Wade*, or his subcontractor, *Michael Snyder*, the amount of estimate allowed by their engineer for work and labor done on said section 6 by said *Wade*, by which said work on said section was abandoned, and the said defendants refuse to pay said draft, or any part thereof, although the same is long since due and payable, and has been often demanded."

The order or draft, a copy of which is a part of the complaint, shows that the sum for which it was drawn was not to be paid until after the last estimate on section 6 of said road, or after it was finished, &c.

The complaint admits that the work on that section was abandoned, and attempts to set up as an excuse for such abandonment, that the amount of estimate allowed for work done before such abandonment had not been paid by the company. It alleges the making of the estimate, but wholly fails to allege that by the terms of the contract, or otherwise, the amount so allowed was due from the company before the contract was abandoned. Certainly if the estimate made was not due before such abandonment, the company was not in default for not paying it, and the nonpayment would not, therefore, be an excuse for failing to complete the work.

The motion for a new trial brought up the question of the sufficiency of the evidence to sustain the finding, which was for the plaintiffs.

There was a general denial filed to the complaint. We do not propose to notice the evidence at length. There was an absence of proof upon the point in which the complaint was defective, and, therefore, even if that pleading had been good, the plaintiff would have failed to make a case.

*Per Curiam.*—The judgment is reversed with costs.

*N. Trusler* and *J. F. Gardner* for the appellants.

*J. S. Reid* and *S. Heron,* for the appellees.